IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **Ricky Ashford**<br>*Plaintiff,*<br><br>v.<br><br>**Credit One Bank, N.A.**<br>*Defendant.* | CIVIL ACTION NO.<br><br>2:25-cv-00536-RAH-KFP |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This is a civil action brought by Plaintiff Ricky Ashford against Defendant Credit One Bank, N.A. for violations of federal and state law arising from its repeated, harassing, and deceptive phone calls to Plaintiff's personal telephone number.

2. Defendant placed approximately 315 ( Three Hundred Fifteen ) calls between April 22nd 2025 & July 15th — many using masked or third-party numbers, including Auburn, AL, Camden, AL, Enterprise, AL, Notasulga, AL, Selma, AL, Florala, AL, Elba, AL UnionTown,AL, Ochlocknee, GA Quitman, GA, — in clear violation of the Telephone Consumer Protection Act ("TCPA"), Federal Communications Commission (FCC) rules, and the Fair Debt Collection Practices Act ("FDCPA").

3. These constant calls have caused significant disruption, anxiety, invasion of privacy, and emotional distress, giving rise to claims for statutory, actual, and punitive damages.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act (47 U.S.C. § 227) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

5. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the Plaintiff is a resident of Montgomery, Alabama, and the unlawful conduct occurred in this District.

## PARTIES

7. Plaintiff Ricky Ashford is a natural person in Montgomery, Alabama. He receives mail at P.O. Box 3062, Montgomery, AL 36109 and can be contacted a Legal.Ashford@gmail.com.

8. Defendant Credit One Bank, N.A., is a national banking association engaged in issuing credit cards and collecting debt across the United States, including in the State of Alabama.

9. Upon information and belief, Credit One Bank, N.A. utilizes third-party vendors and collection agents to place debt collection calls, including disguised numbers and auto-dialed calls.

## FACTUAL ALLEGATIONS

10. Plaintiff Ricky Ashford has been subjected to a deluge of harassing, unwanted, and unlawful phone calls by or on behalf of Defendant Credit One Bank regarding an alleged debt that may be unlawfully already sold.

11. Defendant placed as many as 80 phone calls per month, totaling hundreds of automated or pre-recorded messages over 4 months.

12. Calls originated from spoofed or disguised caller IDs, including area codes from Auburn, AL, Camden, AL, Enterprise, AL, Notasulga, AL, Selma, AL, Florala, AL, Elba, AL UnionTown, AL, Ochlocknee, GA, Quitman, GA and numbers unassociated with Credit One Bank to deceive Plaintiff and increase the likelihood of an answer.

13. The use of masked third-party numbers violates FCC regulations and undermines Plaintiff's ability to identify the caller and revoke consent.

14. Many of these calls featured a prerecorded or artificial voice, were placed using an automatic telephone dialing system (ATDS), and or included scripting consistent with robocall practices.

15. Plaintiff is suspicious that the alleged debt is already sold and that the bank is engaged in unfair double payment from the plaintiff violating the FDCPA.

16. Despite these allegations, Defendant persisted, indicating willful or knowing disregard for Plaintiff's rights under the TCPA and FDCPA.

17. Upon information and belief, Defendant employed third-party vendors or collectors to facilitate these calls, for which Defendant remains vicariously liable under agency principles.

## COUNT I: VIOLATION OF THE TCPA (47 U.S.C. § 227)

18. Defendant placed hundreds of unauthorized phone calls to Plaintiff's mobile number using an ATDS and/or prerecorded voice message system—without obtaining prior express consent.

19. Even if initial consent existed, it was clearly revoked by the law.

20. Each call made after seven calls in seven days rule constitutes a separate and independent violation.

21. Under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to $500 in statutory damages per violation, and $1,500 per call for willful or knowing violations.

## COUNT II: VIOLATION OF THE FDCPA (15 U.S.C. § 1692 et seq.)

22. By placing repeated, excessive, and harassing calls—up to 30 per week—Defendant has engaged in conduct the natural consequence of which is to harass, oppress, or abuse.

23. These calls violate 15 U.S.C. §§ 1692d(5), 1692c, and others which restrict frequency and timing of debt collection contacts.

24. Defendant also failed to properly disclose its identity during many calls, and used deceptive means (i.e., spoofed numbers), further violating 15 U.S.C. § 1692e.

## COUNT III: VIOLATION OF FCC RULES AND CALLER ID REGULATIONS

25. The FCC prohibits spoofing or misleading caller ID information intended to defraud, harass, or cause harm, under the Truth in Caller ID Act (47 U.S.C. § 227(e)).

26. Defendant's use of Auburn, AL and other third-party numbers masks their identity, undercutting consumer protections.

27. Each violation of FCC rules supports an additional claim under the TCPA and regulatory enforcement structure.

### COUNT IV: INVASION OF PRIVACY (Tort – Alabama State Law)

28. Plaintiff had a reasonable expectation of privacy in his home and cellphone.

29. Defendant's conduct—hounding the plaintiff continuously with deceptive calls—amounts to intrusion upon solitude, a recognized tort under Alabama law.

30. Plaintiff suffered mental anguish, anxiety, frustration, and disruption of personal and professional life, entitling him to compensatory and punitive damages.

### DAMAGES

Plaintiff respectfully requests the following relief:

- Statutory damages of $500 per call, and up to $1,500 per call for willful violations, under the TCPA.

- Actual, statutory, and punitive damages for harassing and deceptive collection practices under the FDCPA.

- Injunctive relief prohibiting Defendant and its agents from further calling Plaintiff using an ATDS, prerecorded message, masked caller ID, or any other harassing method.

### LEGAL DOCTRINES SUPPORTING LIABILITY

- Salerno v. Credit One Bank (2019): A court awarded $232,000 for excessive robocalls from Credit One, setting precedent for high-stakes recovery.

- Truth in Caller ID Act (47 U.S.C. § 227(e)): Prohibits deceptive use of phone numbers to mislead or harm.

- American Jurisprudence: Recognizes constant threatening or misleading phone calls as an actionable invasion of privacy causing compensable mental anguish.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ricky Ashford requests that this Honorable Court enter judgment in his favor as follows:

1. An award of $500 to $1,500 per unlawful call under the TCPA;
2. Maximum statutory damages for violations of the FDCPA and FCC rules;
3. Invasion of privacy damages under Alabama law;
4. An order enjoining Credit One Bank from making further unlawful calls;
5. Court costs, and any other relief the Court deems proper.

Respectfully submitted,

Dated: 07/17/2025
P.O. Box 3062
Montgomery, AL 36109
Legal.Ashford@gmail.com
334-221-7420

Ricky Ashford _/s/ Ricky Ashford_
All Rights Reserved